See also 789 F.Supp. 828.

Louis TERRAZAS; Ernest Angelo, Jr., and Tom Craddick, Plaintiffs,

v.

Bob SLAGLE, Chairman of the Democratic Party of Texas; Dan Morales, Attorney General of the State of Texas; Fred Meyer, Chairman of the Republican Party of Texas; John Hannah, Jr., Secretary of State of the State of Texas; Ann W. Richards, Governor of the State of Texas, Defendants.

Nos. 91 CA 425, 91 CA 426 and 91 CA 428.

United States District Court, W.D. Texas, Austin Division.

Feb. 10, 1992.

John N. McCamish, Jr., McCamish, Martin & Loeffler, Jonathan D. Pauerstein, McCamish, Ingram, Martin & Brown, San Antonio, Tex., Wayne H. Prescott, Craig Morgan, Elizabeth Zeck, Brown, Maroney, Rose, Barber & Dye, Austin, Tex., Arthur John Brender, Jr., Brender & Colosi, Ft. Worth, Tex., Tom West, Lovett, West & Lasley, L.L.P., Austin, Tex., Kleber C. Miller, Carl Victor Anderson, Jr., Shannon, Gracey, Ratliff & Miller, Fort Worth, Tex., Gerald Leigh Bracht, Rex D. VanMiddlesworth, Frederick D. Junkin, Mayor, Day, Caldwell & Keeton, L.L.P., Houston, Tex., James Grissom, Harlingen, Tex., Robert E. Luna, Law Offices of Earl Luna, P.C., Earl Luna, Dallas, Tex., Gerald Jones, Steven Rosenbaum, David Marblestone, Gaye L. Hume, Dept. of Justice, Washington, D.C., Cynthia F. Malone, Angela Sandoval Raba, Civ. Section, Judith A. Sanders–Castro, San Antonio, Tex., James C. Harrington, Texas Civil Rights Project, Austin, Tex., Jose Garza, TX Rural Leg. Aid, San Antonio, Tex., E.R. Fleuriet, Fleuriet & Schell, Har-

lingen, Tex., Dick Terrell Brown, Brown & LaCallade, P.C., Martha Sue Dickie, Roy Q. Minton, Minton, Burton, Foster & Collins, Alan D. Albright, Akin, Gump, Strauss, Hauer & Feld, Robert J. Hearon, Jr., Michael Diehl, Graves, Dougherty, Hearon & Moody, Austin, Tex., Rodney Scott Goble, Goble & Swanton, Waco, Tex., Geoffrey M. Gay, Butler, Porter & Gay, Austin, Tex., Merril E. Nunn, City of Amarillo, Amarillo, Tex., Fernando Rodriguez, Jordan Schulte & Burchette, Steven W. Smith, John M. Harmon, David Herndon, Graves, Dougherty, Hearon & Moody, Austin, Tex., Charles J. Cooper, Michael A. Carvin, James C. Wilson, Shaw, Pittman, Potts & Trowbridge, Washington, D.C., for plaintiffs.

James P. Allison, Allison & Associates, Renea Hicks, David R. Richards, Richard Edwin Gray, III, Gray & Becker, P.C., Austin, Tex., for defendants.

Bob Slagle, pro se.

Fred Meyer, pro se.

## ORDER

SPARKS, District Judge.

In the above captioned case, the undersigned was assigned the single issue whether to quash subpoenas for oral depositions served on J.D. Munn, Britt Buchanan, and Michelle Bray, law clerks who worked in this case for Judges Will L. Garwood, James R. Nowlin, and Walter S. Smith.

This is a highly political case and has generated immense media coverage. The Defendants Bob Slagle, Chairman of the Democratic Party of Texas; Dan Morales, Attorney General of the State of Texas; Fred Meyer, Chairman of the Republican Party of Texas; John Hannah, Jr., Secretary of State of the State of Texas; and Ann W. Richards, Governor of the State of Texas, obviously would have preferred to litigate the questions concerning the State of Texas' election process in the 332nd District Court of Hidalgo County, Texas, and not in this federal court.

The Defendants and/or their counsel apparently did not like the three judges appointed by the Chief Judge of the Fifth Circuit Court of Appeals to determine this case. Upon answering this lawsuit, the Defendant Slagle immediately sought to recuse Judge James R. Nowlin through a formal motion. Having failed the first time, on January 23, 1992, the Defendant Slagle sought once again through formal motions to recuse Judges James R. Nowlin and Judge Walter S. Smith, Jr. The remaining Defendants represent they will also seek recusal or are considering the filing of motions to recuse. In addition, public comment by the litigants, their counsel, and other persons expressing their personal opinions that these judges should recuse themselves has generated substantial news coverage. With full knowledge of the allegations and of their judicial responsibilities, Judge Nowlin declined to recuse himself in July and again on February 5, 1992, and Judge Smith declined to recuse himself on February 7, 1992.

The Defendants and their counsel, after evidentiary hearings on the merits, did not like the judgment and orders of the Court issued on December 24, 1991; the January 10, 1992, order overruling the Defendants' request for stay; and the January 24, 1992, order enjoining conflicting actions in the state court proceedings in the 332nd District Court of Hidalgo County.[1]

The Defendants, of course, have their full rights regarding appeal of the Court's orders issued to date on the merits of this lawsuit, the success or failure of which will be determined by the substantial evidentiary record completed prior to December 23, 1991. Not satisfied with an appeal on the merits, the Defendants are now asking the United States Supreme Court to reverse the orders of the Court, not on the basis of the pleadings and evidentiary record, but because they allege there may have been third-party communication with Judge

---

1. A January 13, 1992, order merely corrected five sentences in the January 10 order, without making further substantive changes.

Nowlin and/or the law clerks not disclosed to the parties. To this end, the Defendants seek to depose the law clerks and in support of their request to do so have presented the affidavit of Tina Hengst; a letter of the Attorney General to Judge Nowlin, Judge Garwood, and Judge Smith dated February 3, 1992; and a copy of the unsigned deposition of George Pierce, taken on February 3, 1992.

Of course, the deposition testimony of the law clerks will not—and could not— answer any question of whether the judgment and orders of the Court were or were not influenced by any alleged improper third-party contact and/or communication. That could only be answered by the judges on the Court.

The Court is comprised of three United States Judges appointed by the President of the United States, and whose appointments were confirmed by the United States Senate. These judges are under oath to uphold the Constitution of the United States and its laws, as well as to conduct themselves pursuant to the Judicial Code of Conduct. Canon 3 of the Judicial Code of Conduct states, in part, "[a] judge should ... neither initiate nor consider *ex parte* or other communications concerning a pending or impending proceeding." Code of Conduct for United States Judges, Canon 3(A)(4).[2] Section 455 of Title 28 of the United States Code states, in part, "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Furthermore, every United States judge takes an oath and swears to "faithfully and impartially discharge and perform all duties incumbent upon [him or her]...." 28 U.S.C. § 453.

With full knowledge of their duties and the law, these judges have answered the contentions of the Defendants regarding recusal in their orders denying to recuse themselves. These judges are not permitted—indeed they are prohibited from—public comment explaining or justifying their actions. *See* Code of Conduct for United States Judges, Canon 3(A)(6). This Court suspects that the judges would personally prefer removing themselves in this case because of the media coverage and public comment made by the litigants, their counsel, and third parties, particularly since neither judge has the privilege of defending himself or the Court by public comment. However, to exercise a personal preference to recuse himself because of publicity when there is no legal or ethical basis to do so would do damage to our present legal system and violate the judges oath and responsibilities. *See, e.g., Wolfson v. Palmieri,* 396 F.2d 121, 124 (2d Cir.1968) (citations omitted) ("There is 'as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is....' "); *see also United States v. Garrison,* 340 F.Supp. 952, 957 (E.D.La.1972) ("[T]he majority of circuit courts hold that it is the duty of a judge not to recuse himself when the statutory standards are not met.").

Defendants' counsel represent to the undersigned they have seriously considered the impact of their actions in this case on the judiciary. Counsel for the State Defendants represent the Attorney General of the State of Texas has "a duty to determine if there was any improper conduct on the part of the Judges and/or their staffs" in their determination of the judgment and orders issued to date, and this is the reason they seek to depose the law clerks—to see if there was any improper third-party contact and, if so, whether the orders of the Court are so "tainted" by that contact that they must be reversed.[3]

---

**2.** This Code was not meant to be used as a means to invalidate a judgment or disqualify a judge. The Preamble of the most recent ABA Model Code of Judicial Conduct, an earlier version of which was the basis of the current Judicial Code of Conduct, states that "[t]he Code is designed to provide guidance to judges ... Furthermore, the purpose of the Code would be subverted if the Code were invoked by lawyers for mere tactical advantage in a proceeding."

**3.** Investigation of potential judicial misconduct is the duty of the Judicial Council for the Fifth Circuit Court of Appeals, not the Attorney General of the State of Texas, although the Attorney General may file a complaint with the Chief Judge of the Fifth Circuit, who may cause an

Counsel for the Defendants also represent they realize the sanctity of communications between the judges and their law clerks and recognize the existence of a "limited judicial privilege" protecting those communications. *See e.g., In the Matter of Certain Complaints Under Investigation by an Investigating Committee of the Judicial Council of the Eleventh Circuit,* 783 F.2d 1488, 1520 (11th Cir.) *cert. denied,* 477 U.S. 904, 106 S.Ct. 3273, 91 L.Ed.2d 563 (1986). However, Defendants' counsel further contend, because of the affidavit of Tina Hengst and the deposition of George Pierce, this case represents the "rare exception", and thus this Court should permit counsel for the Defendants to question the law clerks, under oath. *See e.g., United States v. Ianniello,* 740 F.Supp. 171, 187 (S.D.N.Y.1990), *rev'd on other grounds sub nom. United States v. Salerno,* 937 F.2d 797 (2d Cir.1991) ("Oral examination of a judicial or quasi-judicial officer as to matters within the scope of his adjudicative duties should be permitted only upon a strong showing of bad faith or improper behavior.")

Given the history of this case, this Court has no doubt the real purpose of the Defendants is simply to disqualify the judges, something their motions to recuse have not been able to accomplish. Counsel for the Defendants as well as counsel for the clerks cite *Kennedy v. Great Atlantic & Pacific Tea Co.,* 551 F.2d 593, 599 (5th Cir.1977) in which the Fifth Circuit Court of Appeals held that if a law clerk testifies as a witness in a case before his judge, the judge must disqualify himself. No one has argued to the contrary that, if the law clerks are potential witnesses, the employing judges are disqualified and must recuse

themselves. Thus, it appears likely that the mere taking of the depositions of the law clerks will have the legal effect of disqualifying the employing judges.

Despite the quite obvious result of causing the judges to be disqualified, the Defendants' counsel continue to assert their contention that they need the law clerks' deposition testimony because the deposition testimony of Representative George Pierce establishes such "highly improper" third-party contact that it *may* (emphasis mine) taint the Court's orders to the degree that they must be reversed. Counsel for the law clerks, on the other hand, represents that the deposition testimony does not rise to "any level of impropriety" much less a level which could possibly affect the Court's written orders based on a substantial evidentiary record. In either case, however, the testimony of the law clerks, as stated before, can shed no light on the reasoned bases of the judges in the formulation of their orders. Thus, deposing the law clerks will not achieve the stated purpose of aiding counsel in reversing the Court's orders based on improper decision-making by the Court. It could serve only to achieve the purpose of disqualifying those judges whose law clerks are deposed.

All counsel admit that public inquiries by the litigants as to the internal operations and communications of the Court will, not may, destroy the integrity of our present legal system. This Court will not be a party to that destruction. Clearly the object of deposing these law clerks is to disqualify the judges, which power lies first with the judges themselves,[4] and then with the United States Supreme Court or possibly the Fifth Circuit Court of Appeals in

---

investigation to be done in accordance with the Judicial Councils Reform and Judicial Conduct and Disability Act. *See generally* 28 U.S.C. § 372(c). In addition, in any case, any party may seek a reversal of a judge's order to not recuse himself through a writ of mandamus.

**4.** Section 455(a) of Title 28 of the United States Code requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This provision is intended to be self-executing, requiring a judge

to act before formal motions of recusal have even been made. *Taylor v. O'Grady,* 888 F.2d 1189, 1200 (7th Cir.1989). Furthermore, if the Defendants' counsel truly believe that Judge Nowlin declined to recuse himself merely because of the insufficiency of factual allegations in Defendant Slagle's motion to recuse, they are free to move again for recusal and to add to their motion the newly made factual allegations from Representative Pierce's February 3, 1992, deposition.

the event the Defendants choose to file a petition for writ of mandamus.[5] Asking this judge to find deposing the judges' law clerks necessary under these circumstances is a usurpation of Judges Nowlin, Garwood, and Smith's authority and responsibilities. The judges, with full knowledge of the facts, have already determined there is no basis to require their recusal.

This Court will not be a party to permit the litigants to question law clerks of United States Judges and/or the United States Judges themselves with regard to their conduct in their determination of judicial decisions or their reasons for those decisions, and this Court will not be a party to assist the Defendants' counsel to disqualify these judges.

Therefore, the Motion to Quash the Subpoenas served on J.D. Munn, Britt Buchanan, and Michelle Bray is GRANTED;

It is FURTHER ORDERED that counsel for the Defendants will not be permitted to depose J.D. Munn, Britt Buchanan, or Michelle Bray in this case.

SIGNED and ENTERED.

---

**5.** The Defendants have appealed the Court's orders to the United States Supreme Court under section 1253 of Title 28 of the United States Code, which allows "appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action ... required ... to be heard and determined by a district court of three judges." In that appeal, they raise the issue of disqualification of the judges. Presumably, as in federal circuit courts, disqualification questions would be "fully reviewable on appeal" of the merits of injunctive relief. *See Chitimacha Tribe of Louisiana v. Harry L.* *Laws Co.,* 690 F.2d 1157, 1164 n. 3 (5th Cir.1982) (the court was dealing with an appeal of a final judgment, but since the Supreme Court will expressly consider an appeal from an interlocutory or permanent injunction, the rule should apply equally). In addition, because the litigation is still pending, and Judge Nowlin's and Judge Smith's denials to recuse themselves were ordered individually and were not part of the decision on the merits of injunctive relief, the Defendants, if they desired, could file a writ of mandamus with the Fifth Circuit Court of Appeals.