**Chester Allen BETTIS, Appellant,**

v.

**Larry ROWLEY, Respondent.**

**No. ED 80958.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 5, 2002.

Chester Allen Bettis, Bowling Green, pro se appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, for respondent.

Before PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ.

### MEMORANDUM

PER CURIAM.

Chester Allen Bettis (appellant) appeals, pro se, from the trial court's judgment dismissing his petition for declaratory judgment and/or in the alternative writ of habeas corpus. On appeal, appellant contends the trial court erred in: (1) dismissing his petition filed pursuant to the Missouri Declaratory Judgment Act when appellant alleged facts which would have entitled him to the relief he sought, declaring that Larry Rowley (respondent), Superintendent of Northeast Correctional Center, and his agents are prohibited from applying Section 558.019, RSMo 1993 (all further references hereinafter shall be to RSMo 1993 unless otherwise indicated) requiring appellant to serve a minimum of 80% of his sentence before he is released from prison in that application of the statute retroactively is in violation of the state's ex post facto clauses and subjecting him to double jeopardy, as well as violating the Fourteenth Amendment of the United States and Missouri Constitution; (2) denying his petition for habeas corpus under Rule 91, when he did present facts that entitled him to relief that he sought and inquiring into several causes of illegal restraint of his liberty while in custody under authority that violates his constitutional rights; and (3) dismissing his petition when appellant submitted facts about his sentence specifically relating to respondent as executive officer of the Northeast Correctional Center, abusing his official office by refusing to grant appellant good time on his sentences that appellant is entitled to by law, and such actions by respondent directly prejudiced appellant's sentences.

Appellant was convicted of first degree assault, Section 565.050, RSMo 1978, and sentenced as a persistent offender to twenty-five years, which he is presently serving at Northeast Correctional Center in Pike County. His sentence was affirmed. *See State v. Bettis,* 732 S.W.2d 195 (Mo.App. W.D.1987).

Respondent filed a motion to dismiss appellant's appeal, which was ordered tak-

en with the case. Respondent's motion is denied.

We initially note that there is no right of appeal from the denial without opinion of an application for writ of habeas corpus. *State v. Dodson,* 556 S.W.2d 938, 945 (Mo. App. E.D.1977). Therefore, appellant's appeal directed to the denial of his petition for writ of habeas is dismissed.

As for appellant's first and third points on appeal, we have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion reciting detailed facts and restating principles of law would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).