**STATE of Missouri, Plaintiff/Respondent,**

v.

**Terrance G. LASLEY, Defendant/Appellant.**

No. ED 81181.

Missouri Court of Appeals, Eastern District, Division Two.

March 16, 2004.

Gwenda Renee' Robinson, Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Assistant Attorney General, Jefferson City, MO, for respondent.

Before GLENN A. NORTON, P.J. and KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J.

PER CURIAM.

Terrance G. Lasley (Defendant) appeals from the judgment of the trial court convicting him of the class D felony of aggra- vated stalking in violation of Section 565.225.3, RSMo1994, and felony failure-to-appear in violation of Section 544.665, RSMo Cum.Supp.1998. The trial court sentenced Defendant to concurrent sentences of three years imprisonment on each count. We affirm in part and reverse in part.

### Standard of Review

Defendant's points on appeal challenge the sufficiency of the evidence to support his convictions. Review of sufficiency of the evidence in a court-tried criminal case is determined by the same standard as in a jury-tried case. *State v. Niederstadt*, 66 S.W.3d 12, 13 (Mo. banc 2002). Thus, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and we disregard all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). Our review is limited to determining whether there is sufficient evidence from which a reasonable trier of fact might have found Defendant guilty beyond a reasonable doubt. *Id.*

### Evidence Adduced at Trial

Viewed in the light most favorable to the state, the evidence reveals the following. In 1996, Defendant applied to rent an apartment at the Mansion House Apartments (Mansion House) in St. Louis City; his application was approved and he subsequently moved in. From approximately 1996 through 1998, Neighbor also lived at the Mansion House. Neighbor resided in the apartment directly across the hallway from Defendant. During Neighbor's tenancy at Mansion House, Defendant began placing flowers in the hall in front of her door, and leaving letters and pictures, including a nude picture of himself, under her door. He also called her on the tele-

phone and left balloons on her car. When Defendant's behavior began to escalate, Neighbor contacted Victim, the manager of Mansion House, to complain about Defendant and told Victim "they needed to do something."

After Neighbor contacted her, Victim immediately spoke with Defendant. Victim advised Defendant that his behavior was unacceptable and that Mansion House would not permit that kind of contact with Neighbor. Thereafter, Defendant began leaving messages on the Mansion House office telephone answering machine. Initially, he left long rambling messages complaining that Victim and Neighbor were not being truthful and were "picking" on him. He left "countless" messages almost daily from June 1997 through August 1998, and the messages ranged from five to thirty-five minutes in length. As this behavior continued, Defendant began to rage, and his messages became sexually explicit.

During trial, tapes containing some of Defendant's recorded messages were played. The messages were very hostile in nature and contained profuse profanity directed toward Victim.

The messages prompted Victim to contact the police because "they got worse and worse and they became very frightening." Victim testified that she believed Defendant was going to hurt her or someone else.

## POINT I

In his first point, Defendant claims the trial court erred in overruling his motions for judgment of acquittal and in imposing judgment and sentence against Defendant on the aggravated stalking count because the evidence was insufficient to prove beyond a reasonable doubt that Defendant threatened the victim (Victim) with the intent of placing her in reasonable fear of death or serious physical injury.

## Discussion

■ "Any person who purposely and repeatedly harasses or follows with the intent of harassing or harasses another person, and makes a credible threat with the intent to place that person in reasonable fear of death or serious physical injury, commits the crime of aggravated stalking." Section 565.225, RSMo 1994. A "credible threat" is one "made with the intent to cause the person who is the target of the threat to reasonably fear for his or her safety. The threat must be against the life of, or a threat to cause physical injury to, a person." *Id.*

Although the taped messages contain statements by Defendant in which he denies saying that he was going to kill Victim, the tenor of the messages contradicts this denial. In two of the messages, Defendant actually states "If I'm going to kill somebody, I do it. I don't says it" and "I'm going to kill your nasty a[__]." Furthermore, in other messages, Defendant tells Victim to get another restraining order, warns her that she "can't move fast enough," and states that it "ain't over." Viewing the facts most favorably to the state, we conclude a rational trier of fact could have found Defendant guilty beyond a reasonable doubt of making credible threats against Victim's life or safety. Defendant's first point is denied.

## POINT II

■ In his second point, Defendant claims the trial court erred in overruling his motions for judgment of acquittal and in imposing judgment and sentence against Defendant on the failure-to-appear count because the evidence was insufficient to prove beyond a reasonable doubt that Defendant purposely failed to appear as directed by the trial court on March 24,

1999. State concedes this point in its brief, and agrees that Defendant's conviction and sentence for failure-to-appear should be reversed.

### Discussion

 Section 544.665.1, RSMo Cum. Supp.1998, provides that "any person who, having been released pursuant to Sections 544.040 to 544.665, or upon a recognizance or bond pursuant to any other provisions of law, willfully fails to appear before any court or judicial officer as required shall be guilty of an offense" punishable by up to five years imprisonment if the charge for which he failed to appear was a felony offense. A showing that the defendant was not present in court when required to appear is not adequate; in order to prove the defendant possessed the requisite intent, the state must prove, by either direct or circumstantial evidence, that the defendant willfully failed to appear. *State. v. McCoy*, 90 S.W.3d 503, 505 (Mo.App. E.D. 2002).

In this case, the only evidence adduced at trial concerning Defendant's failure to appear consisted of testimony of a courtroom clerk who read entries from the Defendant's court file. The clerk discussed a memorandum to the court dated January 21, 1999, which continued the case at Defendant's request until March 22, 1999. The next memorandum noted by the clerk was a bond forfeiture document dated March 24, 1999. On that date, the trial court ordered Defendant's arrest and forfeited Defendant's bond for failure to appear. The clerk testified that because cases are usually assigned to a courtroom on Monday for the week, the trial court "probably called the forfeiture on Monday [March 22], and "maybe ... gave [him] a couple of days to appear." The clerk admitted there was no memorandum in the court file that stated Defendant failed to

appear on March 22, 1999, or that he was required to appear on March 24, 1999.

Given the limited evidence before the court, we agree with the parties there was insufficient evidence to permit a reasonable trier of fact to conclude beyond a reasonable doubt that Defendant willfully failed to appear in court as required. Defendant's second point is granted.

### CONCLUSION

We reverse that portion of the trial court's judgment convicting Defendant for failure to appear. The trial court's judgment in all other respects is affirmed.