**STATE of Missouri, Respondent,**

v.

**Monika J. DAWSON, Appellant.**

**No. ED 85039.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 4, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 10, 2005.

Application for Transfer Denied
Dec. 20, 2005.

·Richard Sindel, Clayton, MO, for appellant.

Jeffrey T. Coleman, Prosecuting Attorney, Hillsboro, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Monika J. Dawson ("Defendant"), appeals from the judgment of the Circuit Court of Jefferson County finding her guilty, after a bench trial, of one count of sexual misconduct in the second degree, section 566.093, RSMo 2000.[1] Defendant was sentenced to fifteen days in the custody of the Jefferson County Sheriff's Department, but the court suspended the execution of that sentence and placed Defendant on probation for two years under the court's supervision. We affirm.

On March 13, 2002 at approximately 10:00 p.m., Detectives Thomas Harster and Mike Pruneau (collectively "Detectives Harster and Pruneau"), working undercover, visited Award Video, which is located in Fenton, Missouri, as part of an investigation of sexual activities taking place there. Award Video is an establishment where sexually explicit material is sold and where a theater is used by patrons to watch sexually explicit material. Upon entry of Award Video, Detectives Harster and Pruneau observed numerous videotapes of a sexually explicit nature. Detectives Harster and Pruneau then purchased tickets to enter the theater for $8.00 per person.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

There were signs on the doors to the theater stating that no sexual conduct was permitted in the facility. Sexually explicit videotapes were playing in the theater. As Detective Harster entered the theater, he immediately observed Defendant engaging in oral sex and hand manipulation with four males in the theater. Subsequently, other police officers entered and arrested Defendant and others for, among other things, sexual misconduct.

On December 27, 2002, Defendant was charged by information with the misdemeanor of sexual misconduct in the second degree. The information alleged that Defendant had sexual contact in the presence of a third person or persons on or about March 13, 2002, and that such conduct occurred under circumstances in which Defendant knew that such conduct was likely to cause affront or alarm. On August 6, 2003, the prosecution filed an amended information, which alleged that Defendant had "sexual contact with Brian Dawson in the presence of Detective Harster. . . ."

On June 2, 2004, after a bench trial, Defendant was found guilty of sexual misconduct in the second degree and later sentenced to fifteen days in the custody of the Jefferson County Sheriff's Department. The execution of the sentence was suspended and Defendant was placed on probation for two years under the court's supervision. This appeal followed.

Our standard of review in a court-tried case is the same as in a jury-tried case. *State v. Lasley,* 130 S.W.3d 15, 16 (Mo. App. E.D.2004). We will accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and we disregard any contrary inferences and evidence. *Id.* We will limit our review to a determination of whether there is sufficient evidence from which a reasonable trier of fact might have found a defendant guilty beyond a reasonable doubt. *Id.*

■ In her sole point on appeal, Defendant argues the trial court erred in failing to grant Defendant's motion to dismiss at the close of the prosecution's evidence or, in the alternative, Defendant's motion for judgment of acquittal. Defendant asserts that the prosecution failed to prove beyond a reasonable doubt that Defendant knew that her conduct was likely to cause affront or alarm or that her conduct did cause affront or alarm to Detective Harster.

■ Section 566.093.1(2) states "[a] person commits the crime of sexual misconduct in the second degree if he [h]as sexual contact in the presence of a third person or persons under circumstances in which he knows that such conduct is likely to cause affront or alarm." Section 566.093.1(2). Section 566.010(3) defines "sexual contact" as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person." Section 566.010(3). "Affront" is defined as "a deliberately offensive act or utterance; an offense to one's self-respect." *State v. Moore,* 90 S.W.3d 64, 67 n. 6 (Mo.banc 2002), *quoting* Webster's Third New International Dictionary 36 (1993). "Alarm" is defined as "apprehension of an unfavorable outcome, of failure, or dangerous consequences; an occasion of excitement or apprehension." *Moore,* 90 S.W.3d at 67 n. 6, *quoting* Webster's Third New International Dictionary at 48.

In this case, there is no question that Defendant was engaging in sexual contact in the presence of a third party. The question is whether Defendant knew such conduct was likely to cause affront or alarm.

Defendant made a statement to the police that she "felt a little nervous and overwhelmed with all of those guys around me with their penis [sic] out." Thus, Defendant herself expressed affront or alarm at the behavior occurring in the theater. Moreover, there were signs at the entrance to the theater that stated sexual activity was not permitted. The presence of the signs put Defendant on notice that someone entering the theater for the first time would be affronted or alarmed to observe any sexual contact other than sexual contact shown on the theater screen. Therefore, we find that there was substantial evidence to conclude that Defendant knew that her conduct was likely to cause affront or alarm. Point denied.

Based on the foregoing, we affirm the judgment of the trial court.

GEORGE W. DRAPER, III, J. and KENNETH ROMINES, J., concur.