**IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA**

**JANUARY 2019 TERM**

**FILED**

**March 8, 2019**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

**No. 18-0337**

_____

**STATE OF WEST VIRGINIA EX REL. ERIC W. LEWIS,**
Petitioner

**V.**

**THE HONORABLE KURT W. HALL,**
**JUDGE OF THE CIRCUIT COURT OF UPSHUR COUNTY, WEST VIRGINIA,**
**AND DAVID E. GODWIN,**
**UPSHUR COUNTY PROSECUTING ATTORNEY,**
Respondents

_____

**PETITION FOR WRIT OF PRHIBITION**

**WRIT DENIED**
_____

**Submitted: January 16, 2019**
**Filed: March 8, 2019**

Ira Richardson
Clarksburg, West Virginia
Dennis J. Willett
Nanners & Willett, L.C.
Buckhannon, West Virginia
Attorneys for Petitioner

David E. Godwin
Upshur County Prosecuting Attorney
Buckhannon, West Virginia
Attorney for Respondents

**JUSTICE JENKINS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.      "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (l) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression.  These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue.  Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight."  Syllabus point 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

2.      "'This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.'  Syllabus Point 2, *Sands v. Security*

*Trust Company*, 143 W. Va. 522, 102 S.E.2d 733 (1958)." Syllabus point 2, *Duquesne Light Co. v. State Tax Department*, 174 W. Va. 506, 327 S.E.2d 683 (1984).

3.    There is no *per se* disqualification of a presiding judge when the Clerk of Court is called to testify for the Prosecution's case-in-chief.

**Jenkins, Justice:**

This case was brought as a writ of prohibition under the original jurisdiction of this Court by the Petitioner, Eric W. Lewis ("Mr. Lewis"). In this proceeding, Mr. Lewis seeks to have this Court disqualify the Respondent, the Honorable Kurt W. Hall, Judge of the Circuit Court of Upshur County ("Judge Hall"), from presiding over his criminal trial.[1] As an alternative form of relief, Mr. Lewis seeks to have this Court prohibit the Respondent, David E. Godwin, Upshur County Prosecuting Attorney ("Prosecutor Godwin"), from calling the clerk of the circuit court as a witness in the Prosecutor's case-in-chief.[2] Upon careful review of the briefs, the appendix record, the arguments of the parties, and the applicable legal authority, we deny the writ.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The limited record in this case shows that on September 11, 2017, an Upshur County grand jury returned a one-count indictment against Mr. Lewis, charging him with

---

[1] Judge Hall filed a Summary Response to the Petition.

[2] The Prosecutor, David Godwin, filed a Response to the Petition.

1

the felony offense of failure-to-appear.[3]  This offense arose out of Mr. Lewis' failure to make an appearance at a pretrial hearing in a previous felony criminal proceeding in which he was the defendant.[4]  In preparation for trial on the failure-to-appear charge, Prosecutor Godwin filed a witness list that included the Clerk of the Circuit Court, Brian Gaudet ("Clerk Gaudet"), and Mr. Lewis' attorney in the previous criminal case, Hunter Simmons ("Mr. Simmons").

Prosecutor Godwin intended to call Clerk Gaudet to authenticate records from the prior criminal case, and to testify about Mr. Lewis having been released on bond. Prosecutor Godwin also intended to call Mr. Simmons to testify that Mr. Lewis was present at the arraignment in the prior criminal case, and therefore knew of the pretrial hearing date that was set at the arraignment proceeding.  Mr. Simmons filed a motion to quash the trial subpoena on the grounds of attorney-client privilege.  A hearing on the motion to quash was held.  During the hearing, the circuit court instructed Prosecutor Godwin to determine whether another witness could be called to provide the testimony that was sought from Mr. Simmons.  Prosecutor Godwin informed the court that Clerk Gaudet could provide the

---

[3] *See* W. Va. Code § 62-1C-17b(b) (LexisNexis 1984) (failure-to-appear).

[4] In the previous felony criminal proceeding, Mr. Lewis was charged with malicious assault and third offense domestic battery.

2

testimony regarding Mr. Lewis' presence at the arraignment in the prior case. The circuit court entered an order quashing the subpoena issued to Mr. Simmons.

On the day of the trial, April 12, 2018, Mr. Lewis filed an amended motion to recuse Judge Hall. In that motion, Mr. Lewis contended that because Clerk Gaudet was going to testify at the trial, he would be prejudiced if Judge Hall remained in the case. This argument was set out in one paragraph as follows:

> Comes now your Defendant by and through his undersigned Counsel who moves to recuse the Hon. Kurt Hall from presiding upon the trial of this matter scheduled for April 12, 2018. In support thereof, your Defendant asserts that his Counsel has been informed that the State of West Virginia intends to call Brian Gaudet as a material witness in its case in chief. Mr. Gaudet served as the Clerk of this Court, and was acting in that capacity during jury selection. As a material witness for the State, your Defendant asserts that the jury will be prejudiced insofar as it will impress upon them that the Court itself has taken the side of the State of West Virginia in its prosecution.

Judge Hall denied Mr. Lewis' recusal motion. However, the court granted a motion by Mr. Lewis to stay the trial so that he could file the instant petition challenging the denial of his recusal motion.

3

## II.

## STANDARD FOR ISSUANCE OF WRIT

Mr. Lewis brought this action under the Court's original jurisdiction seeking a writ of prohibition. This Court stated in the Syllabus point of *State ex rel. Vineyard v. O'Brien*, 100 W. Va. 163, 130 S.E. 111 (1925): "The writ of prohibition will issue only in clear cases, where the inferior tribunal is proceeding without, or in excess of, jurisdiction." *See also* Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977) ("A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code § 53-1-1.").

In Syllabus point 4 of *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996), we set forth the following standard for issuance of a writ of prohibition when it is alleged a lower court is exceeding its authority:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or

4

manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

With the foregoing in mind, we turn to the parties' arguments.

## III.

## DISCUSSION

We previously noted that Mr. Lewis raised two issues in this proceeding. First, whether the prosecutor should be precluded from calling the clerk of the circuit court as a witness in the prosecutor's case-in-chief. Second, whether the trial judge should be disqualified from presiding over Mr. Lewis' criminal trial. These two issues will be discussed in turn.

Prosecutor Godwin contends, and we agree, that the issue of prohibiting Clerk Gaudet from testifying was not raised below and is therefore not properly before this Court. Mr. Lewis has failed to cite to anything in the record that shows he moved Judge Hall, orally or in writing, to prohibit Prosecutor Godwin from calling Clerk Gaudet as a witness.

5

We previously have held that "[t]his Court will not consider an error which is not properly preserved in the record nor apparent on the face of the record." *State v. Browning*, 199 W. Va. 417, 425, 485 S.E.2d 1, 9 (1997). *Accord Hanlon v. Logan Cty. Bd. Of Educ.*, 201 W. Va. 305, 315, 496 S.E.2d 447, 457 (1997). More specifically, we have held that "'[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.' Syllabus Point 2, *Sands v. Security Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)." Syl. pt. 2, *Duquesne Light Co. v. State Tax Dep't*, 174 W. Va. 506, 327 S.E.2d 683 (1984). *See also* Syl. pt. 2, *Cameron v. Cameron*, 105 W. Va. 621, 143 S.E. 349 (1928) ("This court will not review questions which have not been decided by the lower court.").

We have explained this general rule as follows:

> The rationale behind this rule is that when an issue has not been raised below, the facts underlying that issue will not have been developed in such a way so that a disposition can be made. . . . Moreover, we consider the element of fairness. . . . [I]t is manifestly unfair for a party to raise new issues [before this Court]. Finally, there is also a need to have the issue refined, developed, and adjudicated by the trial court, so that we may have the benefit of its wisdom.

*Whitlow v. Bd. of Educ. of Kanawha Cty.*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993).

*See also* Syl. pt. 6, in part, *State ex rel. Allstate Ins. Co. v. Gaughan*, 203 W. Va. 358, 508

6

S.E.2d 75 (1998) ("A party seeking to petition this Court for an extraordinary writ based upon a non-appealable interlocutory decision of a trial court, must request the trial court set out in an order findings of fact and conclusions of law that support and form the basis of its decision."). In light of these authorities, we conclude that Mr. Lewis is not entitled to a writ of prohibition on the issue of preventing testimony by Clerk Gaudet because that issue was not raised below.

Turning to the question of disqualification of the trial judge, we note, as a general matter, this Court has frequently observed that "a party aggrieved by a trial court's decision on a motion to disqualify may properly challenge the trial court's decision by way of a petition for a writ of prohibition." *State ex rel. Ogden Newspapers, Inc. v. Wilkes*, 198 W. Va. 587, 589, 482 S.E.2d 204, 206 (1996). *See also State ex rel. Blackhawk Enters., Inc. v. Bloom*, 219 W. Va. 333, 337, 633 S.E.2d 278, 282 (2006) ("When considering the issuance of a writ of prohibition arising from a circuit court's ruling on a motion for disqualification, this Court has consistently found the same to be an appropriate method of challenge."); *State ex rel. Blake v. Hatcher*, 218 W. Va. 407, 412, 624 S.E.2d 844, 849 (2005) (same). We note further that West Virginia Trial Court Rule 17.01 provides that "[u]pon a proper disqualification motion, as set forth in this rule, a judge shall be

7

disqualified from a proceeding only where the judge's impartiality might reasonably be questioned, in accordance with the principles established in Canon 2, Rule 2.11 of the Code of Judicial Conduct."

In this proceeding, Mr. Lewis alleges that Judge Hall should have disqualified himself because the State was going to call Clerk Gaudet as a witness in its case-in-chief. According to Mr. Lewis, insofar as the court clerk is an officer of the court, he would be prejudiced by having Judge Hall preside over the case. We reject Mr. Lewis' contention. We can find no authority that supports the argument that a trial judge is disqualified from a criminal trial merely because the clerk of the court will testify that a defendant failed to appear at a prior proceeding.[5] Court clerks regularly testify in court to authenticate records and other matters, including providing testimony that a defendant failed to appear at a criminal proceeding. For example, in *Cureton v. State*, No. 0717-00410-CR, 2018 WL 3736177 (Tex. App. Aug. 6, 2018), the defendant pled guilty to bail jumping and failure-

---

[5] There is authority holding that if a judge's law clerk testifies in a case then the judge should recuse himself. *See Terrazas v. Slagle*, 142 F.R.D. 136, 139 (W.D. Tex. 1992) ("[T]he Fifth Circuit Court of Appeals held that if a law clerk testifies as a witness in a case before his judge, the judge must disqualify himself." (citing *Kennedy v. Great Atl. & Pac. Tea Co.*, 551 F.2d 593, 599 (5th Cir. 1997))).

to-appear. The defendant elected to have a jury determine his punishment. During the punishment proceeding, "[t]he district clerk testified, identifying [defendant] and telling the jury [defendant] was required to appear in court on June 13, 2017, for trial on a deadly conduct charge but failed to do so." *Id*. at \*1. *See also Reese v. State*, 2018 Ark. App. 336, 552 S.W.3d 47 (2018) ("[T]he district court clerk, Cheryl Spade, testified that Reese failed to appear for his February 23, 2016 court date."); *Bell v. State*, 108 So. 3d 639, 644 (Fla. 2013) ("Regarding the charge of failure to appear, the State presented the testimony of the Escambia County Clerk of Court . . . to establish that Bell was not present at multiple court dates[.]"); *State v. Lasley*, 130 S.W.3d 15, 18 (Mo. Ct. App. 2004) ("In this case, the only evidence adduced at trial concerning Defendant's failure to appear consisted of testimony of a courtroom clerk who read entries from the Defendant's court file."); *State v. Weathers*, 339 N.C. 441, 453, 451 S.E.2d 266, 272-73 (1994) ("In this case, the State called Jerri Queen, Clerk of Superior Court, Gaston County, as its only witness for the failure to appear charge."); *State v. Osborne*, No. M2010-02281-CCA-R3CD, 2012 WL 1657047, at \*1 (Tenn. Crim. App. May 9, 2012) ("Linda Kincaid, Deputy Clerk of the Williamson County General Sessions Clerk's Office, testified that court dockets showed that the defendant attended a July 9, 2009 initial appearance in general sessions court where the court advised the defendant of his next court date, August 12, 2009."); *Black v. State*, 362 S.W.3d 626, 638 (Tex. Crim. App. 2012) ("The State presented testimony from the clerk of the court

9

regarding the failure to appear offense and from the arresting officer about Appellant's displaying expired license plates charge."); *Gillard v. Commonwealth*, No. 0037-02-2, 2003 WL 21962513, at *11 (Va. Ct. App. Aug. 19, 2003) ("The April 22, 1998 warrant for arrest was authenticated by the deputy clerk, and her testimony as to its content was therefore admissible as prima facie evidence of Gillard's failure to appear."); *State v. Hart*, 195 Wash. App. 449, 454, 381 P.3d 142, 144 (2016) ("Staci Myklebust testified that she was working as deputy clerk on September 9, and that Hart did not appear for his hearing. . . . Myklebust further testified that the trial court issued a bench warrant for Hart's arrest based on his failure to appear.").

Additionally, Rule 44(a)(1) of the West Virginia Rules of Civil Procedure, made applicable to criminal proceedings by Rule 27 of the West Virginia Rules of Criminal Procedure,[6] expressly provides that a copy of an official record is admissible when "attested by the officer having the legal custody of the record, or by the officer's deputy, and accompanied by a certificate that such officer has the custody." In other words, Rule 44(a)(1) expressly authorizes a court clerk to testify in court regarding records. *Cf.*

---

[6] *See State v. McCraine*, 214 W. Va. 188, 198, 588 S.E.2d 177, 187 (2003), *overruled on other grounds by State v. Herber*t, 234 W. Va. 576, 767 S.E.2d 471 (2014).

10

*Trussell v. State*, No. 1D16-3763, 2018 WL 4042629, at *3 (Fla. Dist. Ct. App. Aug. 24, 2018) (Jay, J., concurring, in part, and dissenting, in part) ("During the State's case-in-chief, Dana Johnson, the clerk of the court for Dixie County, testified that [defendant] requested and received access to the courtroom on August 14, 2014, the day before he filed the two 'true bills.'"); *Mann v. State*, 754 N.E.2d 544, 548 (Ind. Ct. App. 2001) ("Deputy Clerk Gramaglia, who is entrusted with official duties in his district, testified at trial that the documents were what the State purported them to be, and this is sufficient to authenticate the documents."); *State v. Waycaster*, No. COA17-1249, 2018 WL 3732956, at *5 (N.C. Ct. App. Aug. 7, 2018) ("The Clerk of McDowell County Superior Court, the individual tasked with maintaining the physical court records in McDowell County, testified that the printout was a certified true copy of the information in ACIS regarding this judgment.").

It is clear from the above authorities that a trial judge is not required to recuse himself merely because the prosecutor intends to call the court clerk as a witness. Prosecutor Godwin correctly observes that, if Mr. Lewis' contention was the law, he could never be tried because the so-called disqualifying prejudice cited by him would occur regardless of who was the judge. We therefore hold that there is no *per se* disqualification

11

of a presiding judge when the Clerk of Court is called to testify for the Prosecution's case-in-chief.

## IV.

## CONCLUSION

In view of the foregoing, the writ of prohibition prayed for by Mr. Lewis is denied.


Writ denied.

12